**SIGNED THIS: June 22, 2011**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHESTER SHANE McVAY, | ) | No.  10-82723 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. No.  10-8138 |
| | ) | |
| CHESTER SHANE McVAY, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

This matter is before the Court on the motion of the Debtor, Chester Shane McVay (DEBTOR), to dismiss the adversary complaint filed by Halliburton Energy Services, Inc. (HALLIBURTON), seeking a determination that its debt is nondischargeable and objecting to the DEBTOR'S discharge, for the reason that the complaint was not timely filed. The question presented is whether, when the time for filing a complaint objecting to the

dischargeability of a debt falls on a weekend, a complaint filed on the next work day is timely.

The DEBTOR filed a Chapter 7 petition on August 30, 2010. The first meeting of creditors was scheduled for October 20, 2010. A notice of the meeting was sent out on September 2, 2010, stating that the deadline to file a complaint objecting to the DEBTOR'S discharge or to the dischargeability of a debt was December 19, 2010, which was 60 days after the date of the creditors' meeting and which happened to be a Sunday. HALLIBURTON filed a complaint objecting to the dischargeability of its debt and to the DEBTOR'S discharge on Monday, December 20, 2010, the day following the deadline contained in the notice. The DEBTOR filed a motion to dismiss, alleging that the complaint was untimely. HALLIBURTON objected to the motion, contending that its motion was not late because the bar date fell on a weekend, giving it until the next business day to file its complaint. A hearing was held on March 22, 2011, and the parties were given an opportunity to submit additional authority.

In support of his motion to dismiss, the DEBTOR contends that HALLIBURTON'S complaint was not timely filed as required under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.[1] Rule 4007(c) provides:

> (c) Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

---

[1] The deadline set for filing complaints to determine dischargeability under section 523(c) and objections to discharge under section 727(a) in a Chapter 7 case, set forth in Bankruptcy Rules 4007(c) and 4004(a) respectively, are identical. For simplicity's sake, the Court will only refer to Rule 4007(c).

In opposition to the DEBTOR'S motion, HALLIBURTON asserts that its complaint is timely under Rule 9006(a)(1) of the Rules of Bankruptcy Procedure, which provides, in pertinent part:

> (a) *Computing Time.* The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.
> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.[2]

Because the 60th day after the date first set for the first meeting of creditors in this case fell on December 19, 2010, which was a Sunday, HALLIBURTON maintains that its complaint, filed on the following Monday, was timely under this Rule.

While acknowledging that the majority of courts have applied Rule 9006(a) in conjunction with Rule 4007(c), in the manner urged by HALLIBURTON here, the DEBTOR asserts that with the advent of the electronic filing system, which makes it possible to file a complaint at any time, application of the rule is no longer appropriate. The DEBTOR does not cite any direct authority in support of his position, but relies instead upon the strict application of the deadline for the filing of dischargeability/discharge complaints. The DEBTOR contends that the upshot of the denial of his motion would be to have allowed HALLIBURTON sixty-one (61) days to file its complaint, an unwarranted expansion of Rule 4007(c).

---

[2]Rule 9006(a) is patterned after Rule 6(a) of the Federal Rules of Civil Procedure.

3

The DEBTOR'S position is without merit. Long before electronic filing was conceived, Rule 9006(a)'s counterpart was held to apply even where the door to the Clerk's Office was open for business, as ordered, on Saturday mornings. *Jones & Laughlin Steel Corp. v. Gridiron Steel Co.*, 382 U.S. 32, 86 S.Ct. 152, 15 L.Ed.2d 26 (1965). In *Pugh v. South Carolina Dept. of Public Safety*, 2010 WL 5811354 (D.S.C.), the court, in applying Rule 6(a)(1)(C), rejected the same argument the DEBTOR makes here. Holding that the presence of electronic filing had no effect upon the application of Rule 6(a)(1)( C), the court noted:

> The Court is unaware of any basis to conclude that the all-day, year-round availability of electronic filing can be said to modify or alter Rule 6(a)(1)( C). To the point, the District of South Carolina's *Electronic Case Filing Policies and Procedures* manual expressly states that "[n]othing in these policies and procedures should be construed to change or extend any deadlines set by statutes of limitations prescribed by law, Federal Rules of Procedure, Local Rules, or orders of the court." *Electronic Case Filing Policies and Procedures District of South Carolina* (D.S.C. May 12, 2006), http://www.scd.uscourts.gov/CMECF/docs/ECFpp.pdf. There has been no binding District or Court of Appeals decision concerning the matter, as far as the Court can tell. In fact, somewhat surprisingly, the Court has found virtually no treatment, in any jurisdiction, regarding the interplay between the computation of deadlines and the perpetual availability of electronic filing in the district courts. The parties have not offered any.
>
> At least one district court has agreed with the above conclusion that where the deadline for removal falls on the weekend, even when electronic filing is otherwise available, the removing party has until the next non-weekend day to file their Notice. *See Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, at *2 n.1 (W.D.Mich. February 13, 2009).

While it could be said that the Rule has outlived its purpose – that of avoiding a forfeiture of rights when a deadline falls on a day when the courts are not open – for most litigants, it continues to have importance for some.[3] The DEBTOR overlooks this Court's

---

[3] *See Matter of American Healthcare Management, Inc.*, 900 F.2d 827 (5th Cir. 1990).

policy of continuing to accept paper documents for filing from *pro se* litigants.  Congress is hardly unaware of the courts' electronic filing system.  To the contrary, both Rules 6(a) and Rule 9006(a) address the impact of electronic filing, albeit in defining the meaning of "next day."  Given the longstanding application of the rule that when a filing is required to be made on a weekend or a holiday, it is timely filed on the following work day, absent a clear Congressional statement that that particular provision of the rule has been obviated by electronic filing, its continued application is proper in all instances.

Accordingly, the complaint filed by HALLIBURTON is timely and the DEBTOR'S motion to dismiss will be denied.  The DEBTOR will be given twenty-one (21) days to Answer.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###